Your Honor, the current case on this office is Williams 2-24-0723. Shani Zohr, plaintiff's athlete, the State Farm Fire & Casualty Co. defendant's couple. Arguing on behalf of the appellant, Mr. Thomas M. Wolfe. Arguing on behalf of the athlete, Ms. Katina M. Phillips. Thank you. Mr. Wolfe, you may proceed. I'm the plaintiff's court counsel. My name is Tom Wolfe, W.O.L.F. on behalf of the defendant, appellant, State Farm Fire & Casualty Co. Your Honors, today we're here to decide an issue related to an appraisal provision found in a homeowner's property insurance policy. And the primary issue today to decide is whether an appraisal can be compelled when the defendant, or any other party I guess, disputes that the coverage exists for a portion of the claim submitted by an insured. The plaintiff's position that is spelled out in the briefs and it was ruled on by the court was that, which the trial court agreed with, was that if coverage is found for any portion of the loss, appraisal is appropriate. And the position advocated for by the plaintiff on appeal was that unless an insurer wholly denies there was a covered loss, causation for all of the claim damage is appropriate, amount of the loss questioned for the appraisal panel. We submit that that position and reasoning should be rejected for at least two reasons here today. One is that the position is totally unreasonable. And two, that position is too general to apply across the board for all appraisal claims submitted by insureds in the state of Illinois. It's unreasonable because the issue of causation itself can end up being a coverage issue, which is not appropriate for appraisal. And I think that's spelled out from all the cases. There's a disagreement whether causation may fall within this phrase, amount of the loss. But for sure, coverage issues have been ruled consistently in the state of Illinois and in the federal courts. It's not- When a state firm sends out the claims adjuster to the loan, doesn't he have to, or she or he, have to determine the cost? They do. They're required by the policy and by Illinois law to decide that issue. So how is that different than what an appraiser does? Right. So the adjuster, who could be a specialist in insurance for property litigation claims, is not the one that would be going out to decide the appraisal. We don't know exactly who they would be in this case, necessarily. But certainly, they're not insurance adjusters who would go out and determine these issues all the time. At least, it's possible that's the case. Now, the- The Tenth Circuit in the Bonbeck-Parker v. Travelers determined that causation or determined cause is within the realm of an appraisal. Right. I think generally, they're saying it should be decided in that question of an appraisal. But the position we're advocating for here is that it's not a reasonable position to take because what actually damaged an item, I mean, it has to fall within the coverage grant and the policy itself. Right. This is a covered loss. And clearly, this is- Right. It's covered. You've already- State firms already determined that there was hail damage. Well, I don't think it's appropriate to apply that blanket across the board for every issue in the case because there could be a covered event, right? But damage to certain elements may not be covered at all. Therefore, raising the coverage question, which in the state of Illinois, is not appropriate to be submitted to an appraisal. Why not? Because coverage issues have to be decided by the courts, not appraisers. And the case has spelled that out. Well, it's already determined that it is a covered loss. It's just the extent or the amount of the loss. Isn't that what the appraisal clause states? Certain elements- Determine the amount of the loss? Certain elements that were submitted in this claim were deemed to be covered. That doesn't mean everything is covered, that there's some overarching dome over the house. Everything now that's damaged is covered. That's not the case. I mean, if we were to agree with you, wouldn't it really subvert the intent of having appraisal clauses in insurance contracts? Well, I don't think so, no. You could come in every time and say, oh, this is all that's covered. Well, they have to make a determination on every line item that's submitted. And, you know, oftentimes there are competing estimates that are submitted between the insured and the insurance company. And really the intent of these appraisal provisions is to look at what the parties agree on was damaged by whatever event, fire or hail. And if there's a disagreement on what it will cost to repair or replace those items, i.e. the amount of the loss, that's when appraisal should kick in and when it can be used to decide this issue. So there's not- But isn't that really what we have here? We do not. The window trim, it appears, is inarguably damaged, but the replacement of the windows, according to you, is not covered. You know, I have issues along the line of Justice Burkett, but I'd add that the policy says the dwelling is covered, right? That's coverage A, correct? Correct, yeah. But within it, there are losses that are insured, and then there are losses that are not insured, which includes A to M, which includes wear and tear. Am I wrong about any of that? That's accurate, yes. And so the language of the policy doesn't say this is a coverage issue. And as we use the term in the law, that means an interpretation of the policy. There's no interpretation of the policy. Everybody knows and is clear on the fact that wear and tear isn't insured against. And again, this is the language of the policy, and the policy wasn't written by the plaintiff. The policy was written by you. And so to me, I mean, I'm concerned that this is the scope of the loss. Otherwise, as Justice Burkett points out, you know, you get to, well, this shingle was damaged by hail, but that shingle wasn't. That's a coverage issue, and therefore, it can't be an appraisal under the appraisal clause that you wrote. And as I read the policy, the language in terms of the policy, I think you're reading that very broadly. Well, I mean, even in the appraisal clause here, it requires one party to, if you're demanding an appraisal, to send a list of what you believe is in dispute. It says the party seeking appraisal must provide the other party with written, itemized documentation of a specific dispute as to the amount of the loss, indicating dollar figure, not whether it was actually damaged by a covered event at all. And this appraisal provision is much more detailed than any that we've seen in the cases cited to in the briefs and submitted before the court, where they specifically limit what can actually be decided. No other questions of fact other than the amount of the loss. So if I have, if I claim a personal property loss to my koi in my koi pond, and as I read coverage B, personal property, fish aren't covered, then that can't be appraised. It's a coverage issue. I would agree, yes. Right, and what we're trying to avoid, right, and what State Farm's position is here is that, you know, they can submit... It's only on the value of the koi. I'm sorry? The value of the koi, would that be covered? Would that be appraisable? Let's put it that way. If the koi was not excluded, could be compensable under the policy, but there's a difference as to how much it was worth, what it would cost to replace it, sure, that's an appraisable issue. Whether it falls within the coverage grant initially, or there's an exclusion that applies to knock that out of coverage, is fundamentally a coverage question that should not be submitted to appraisal. There's no need to interpret the policy here, so I guess that's why I'm concerned. It's not a coverage issue. Right. Well, the... There's no dispute about the meaning of the contract terms. What we're saying is that this phrase, amount of loss, does not include a causation issue, which is, was this damaged by a sudden accidental physical loss? Our position is no, that it was not. It's a loss not insured against. Correct. That is a coverage question. Does it fall within coverage or not is quite literally a coverage question. Does this exclusion apply if there is some damage to the window? I'd be more convinced if loss is not insured against, or loss is not insured said, loss is not covered. Right. You say a covered loss, correct? Isn't that what you've been saying all day here, covered loss? Whether it falls within coverage is one issue. We recognize that... Is causation an element or a factor relative to your definition of a covered loss? Right. The coverage grant requires that for coverage to be afforded to the dwelling, which is what we're talking about in this case, that there has to be sudden and accidental physical loss. Here, this would be hailing and damaging the windows. Right. If that doesn't happen, it's not covered under the policy under Section A. And that is a coverage question. And the appraisal provision removes the ability for any appraiser to decide that question in this case. If I understand your argument that an appraisal will never be available to the insured, correct? That's not correct, no. Why isn't that correct if it's a covered... Because it seems like you're arguing this isn't a covered loss. Well, there are... If it's not a covered loss, why would there be an appraisal for it yet? Right. So there are elements that were, that State Farm agreed were damaged by hail in this case, and they were paid out. But there are occasions, and we handle these all the time, where parts of the roof are damaged, and there's a dispute as to whether the whole roof needs to be replaced or not, but there's clearly damage to the roof. The causation's not really in question. I can't mention shingle or something like that. That can all go to appraisal. And the appraisers can decide that question. What will it cost to put this item back into its pre-loss condition? And oftentimes there are disputes on that, where insurance companies will say, well, no, you can replace the side of the roof. There's a matching shingle. You may get a public adjuster or another appraiser to say, no, you're wrong. This won't match exactly, and therefore the whole roof has to be replaced. That's a dispute that's always taken to appraisal. I've handled many of those myself. We submit them to our appraisers. Your background and experience is not part of the record, is it? Well, I mean, as an attorney, I've hired the appraiser. That would be like me saying, well, I had my fence replaced and we had a disagreement about the price and blah, blah, blah. Right. Just to get background. I understand. You say in your reply brief, it cannot be reinforced enough that this court has consistently held that appraisal cannot be used to decide questions of causation or scope of damages. But you then cite a number of cases that are all distinguishable. For example, Travis involved a dispute over a clause that said we will not pay more than cash value until actual repair or replacement is complete. And there was a water damage provision in that contract that was different than this. And all of the cases you cited are distinguishable. The case that appears to be directly on point is an unpublished opinion from the Fifth, right? That's the most closely on point case. I would agree with you. But I think the overarching theme in all of these cases that we cited from the State Appellate Courts was unless you're deciding that the amount of value of a loss, you're dealing with coverage questions, unless the appraisal provision spells it out differently, but it doesn't in this case. What we're trying to avoid here is where you could have 10 items submitted by an insured saying, well, all of these items are damaged and the insurance company agrees that one of them actually was. According to the plaintiff's position in this case, the whole case goes to appraisal. You could have 10 exclusions that might apply, a massive dispute on whether anything else other than the one item was damaged. And according to trial court in some of these cases and the plaintiff's position, it doesn't matter. Everything else has to be submitted to appraisal. I'd like to interject something here. Your argument in your briefs and your argument just now strikes me as being a preemptive defense to what actual damages are going to be. It seems to me that you're arguing issues that the trial court hasn't even addressed yet, which is what is the appraisal and what are your defenses to the appraisal? And there will be a trial based upon coverage, causation, damages, and the appraisal will be one of the bits, pieces of evidence. But you're arguing things that don't relate to the appraisal clause, which is downstream liability. Am I wrong? Well, the trial court has compelled us into appraisal. The findings in that appraisal will be binding on both parties as to the amount of the loss. And they'll decide the causation issue. We did raise defenses in our affirmative defenses in the case that relate directly to coverage. And those, apparently, would all be decided by the appraisers. We wouldn't have an appellate review of those. We have no recourse if they don't apply the coverage correctly. The insurance contract preserves your... You don't waive your contractual defenses. They're preserved. Well, it's not necessarily clear here because... Well, we can make it clear. Your notice argument, for example, is preserved. That's not waived, is it? Were there any facts developed about whether or not notice was timely? The trial court's decision said it was completely waived at a judgment on the pleadings stage of the case. So I'm not sure that that was accurate or correct. But according to the trial court, that's not even going to be an issue. My question was, there were no facts presented regarding prejudice to State Farm or diligence? None of that. Yeah, the case hasn't developed far enough to get into that. It would all be spelled out in discovery. How material is what you just stated about what the trial court said about things other than enforcing or requiring compliance with the appraisal clause? Well, I think it's all material. The position is these were not damaged and also there's exclusions that would apply. To go into the appraisal, they necessarily have to decide that causation issue. Was this actually damaged or not? And that would be a final binding decision on both parties. If they agree that, yes, there was some damage to the windows and the damage is X amount, we can't contest that at all based on this provision. It's a final material finding and both parties would be bound by it. Well, you haven't gone to that phase yet, though, right? Right. I understand that. You haven't sent out an appraiser. There's been no umpire selected. Correct. That's all on hold? Pending his appeal, correct. What's the standard of review here? This is de novo on a judgment on the pleadings. I'm sorry? I believe it's de novo for judgment on the pleadings. De novo review reviews what burden on review? So here, their judgment on the pleadings that the material facts must have agreed to would be held against the movement. Why would there be a material issue of fact if the trial court was interpreting a contract? Well, the material issue of fact is whether or not the damage to these windows fell within coverage in the first place. Right? And the issue, too, is look at all these cases. All these insurance companies agree with what I'm saying and what State Farm's arguing here that these coverage issues shouldn't go to appraisers. Once determined, the conventional wisdom was that the earth is flat. So when you say all the insurance companies agree, I think you're cherry-picking who the parties are that we're supposed to agree with or review seriously their expert opinions. The issue before us is whether or not the trial court used its discretion in ordering the enforcement of this clause. You seem to be raising other clauses, other sections, other issues of fact relating to liability, relating to the amount of damages, and all we're doing is reviewing this order relating to appraisals. And so... I don't know that you've really addressed what I've just mentioned, so would you do so on rebuttal? Sure. Yes, Your Honor. Any questions? No, thank you. Thank you. Ms. Phillips, you may proceed.  Good morning, counsel. I'm here today to ask that you affirm the lower court's decision on behalf of my client, the plaintiff, Annapoli. She hangs out. We do believe that the lower court correctly held two issues in its underlying order. The first being that the dispute that is central to this case was appropriate for appraisal. The second issue being that any alleged late notice issue was waived. Why was it waived? Certainly. In this particular situation, when you look to the record, you'll see State Farm's own correspondence at, I believe it's C-74 to 77. In that correspondence, it addresses that they had received notice of the claim, didn't raise any issues with regard to late notice or a failure even to comply with the policy's preconditions. In fact, it discusses that they received notice, concluded the purpose of the notice provision under the law, which is to provide notice in an investigation of that claim. They therein conclude that they are affording coverage or are affording coverage under the policy for certain aspects of damage caused by hail. And in this particular case, I think when you look to the case law, particularly State Farm versus Gray, in that case, there was a 23-month delay. This only has an approximate three-month delay between the event and the notice. In that case, the court particularly honed in upon the fact that there was a letter written by State Farm that then resulted in the waiver because they had found that there was coverage. And I think that that's a very simple thing. Had there not been notice of this claim, we wouldn't be here today, right? If there were issues with the notice or providing the claim to State Farm and their ability to investigate, we wouldn't be here addressing whether or not appraisal is appropriate for this dispute. And so, turning to that issue, we do believe that, obviously, the Morrow decision out of the Fifth District is the most factually distinguishable case to the instant dispute when it comes from decisions out of the Illinois courts. We also believe that while only persuasive, the 14 federal court decisions that we cite on page 11 of our brief have all appropriately applied Illinois law to determine that disputes regarding causation, extent, scope, cost, and how to repair, as well as whether a general contractor is needed in the scope of that repair or replacement are all questions to be decided as an amount of the loss. We don't disagree that FTI,   and some of the other opinions that determined that there is a coverage question were appropriately decided. In each of those cases, as I believe Justice Burkett advised, those are factually distinguishable cases. You have issues of fraud or within FTI decision you had two competing interpretations of which coverage position was to apply in that particular dispute. Here, we're not looking at a situation where State Farm is encouraging that the court interpret a policy provision. We're arguing that there's some ambiguity or question that the court needs to interpret the policy. Counsel argues that causation is not an appropriate issue for an appraiser. Respectfully, we disagree with counsel's  to the point which I believe was made by yourself,  is that you have to look at what the appraisers do. That is a very similar function as identified in the bond decision to what occurs by insurance adjusters. If somebody had to go out to Ms. Dow's home in the very beginning and make a determination as to what damage was caused by  That is essentially the purpose of the appraisal process when the two parties disagree. You're challenging State Farm's decision to say this window was damaged by hail. That's what we're talking about here. Is that what they're talking about? Are they talking about this window is damaged that needs to be replaced or needs to be repaired? Certainly. I think in part I think that is a great question for State Farm because their record seems to suggest both ways. In many respects in the letter it says we've confirmed there is damage to  I'm curious concomitant with what you just said State Farm wants. I'd like to know what you want. When this goes back what do you think the procedure is going to be? A motion for some judgment? A directed finding? A trial where you seek the court to take judicial notice of the appraisals and their alleged indirect determination of causation? What do you see on the horizon upon remand? Assuming the judgment is affirmed and the matter goes to appraisal what I suspect will happen is that the dispute will be settled. The amount of loss will be paid. That is what happens with the appraisal process. The amount of loss is set and the insurance company has certain provisions within the policy to make payment upon an appraisal. Do the policies say they have all rights and  They do. I was just about to address that. So the appraisal is going to effectively redact that clause from the insurance policy? No, Your  I believe you are correct. If State Farm continues to challenge a coverage issue, then it will be back before the lower court. What is the difference between coverage and causation? I believe in this case,  is the decision that there was a covered loss under the policy which has been made. Causation is a factual determination as to what damage was caused by a  event. The policy provides for all risk coverage. So it specifically states that all accidental direct physical loss is covered unless limited or not.   that it is only appraising the cost of replacement based upon the covered event and the  arising out of that covered event or is the appraisal going to cover merely replacement and that won't exclude or consider depreciation, wear and tear, vandalism,  on the part of the homeowner, what is the appraisal going to delimit? Certainly,  and I think in part we have to go back to what the appraisal provision is in this particular case because it does provide that there would be certain delineated aspects of the award.  to your Honor's point, replacement costs and actual cash value. Those are items that have to be set forth in the award pursuant to State Farm's appraisal provision. Wear and tear is a component of depreciation, right? That's how you determine how much depreciation is taken. So, inherently in calculating the actual cash value, that's a factor that would be taken in. If, ultimately, there was a separate standing exclusion that State Farm believed was a basis to challenge the award, then they would be able to come back into the court and challenge that. But, to your point, I believe your first example is a correct summation of what would be included in the appraisal award. That they are deciding the amount replacement costs, actual cash value, of the damages that arose from the April 20, 2023 hail storm at this particular residence. So, if your honors have additional questions, I am happy to handle them. Otherwise, we do ask that the court affirm the decisions from the lower court. We believe that there is appropriate support that the causation aspect is appropriate to be decided in this particular case by the appraisers. I do want to touch back on one particular instance which was a question as to who performs the process of the damage.   individuals are going to have the background training and experience to be  these kinds of  Again, we submit that there is no coverage question here. Council has repeatedly stated that there is inherently a factual question in any first-party insurance property dispute but that factual question does not prohibit the use of the appraisal provision in this particular case. You say that they admitted an accident and drug physical loss. Where in the  do we find it? I believe I apologize I did not bring the answer up here but I do want to review the answer of State Farm. You see that they have admitted that there was a claim that was made and admitted that there was payment. In order to get to the point of payment there has to be  direct physical loss to the property. They admit that there was a hailstorm. All of these allegations are central to the determination of accidental direct physical loss or damage which is the coverage grant. Is it your claim that having offered an amount in  of the loss that by asking for the appraiser to appraise the property the issue of loss is now going to be determined by the appraisal protocol? I'm sorry could you repeat your question?  received or your claim receives a check for damages. Did you  the check? That information is not contained in the record however I do believe the answer is there was an acceptance. There is no language on the face of the check that suggests you can't dispute it. I would refer to the estimate that suggests you can continue to bring those up. I did look at the answer and I read it's not a test but I read them your allegation was they admitted accidental direct physical loss and then what I read is that they denied that allegation. I do see the correspondence in the record I think it was a text complaint where they lay out here we reviewed your loss and here's the value of the loss I'm assuming it made me clear this is your actual cash value and if there's repair and  of some of them to the extent there's more allowed under the policy insured against it's a loss insured against then I guess they pay more but that's do I have the record right? I will trust you that you reviewed that and that is accurate but I don't think you can get to the point of agreeing that there was a covered loss and making a  which is what they had to do and I think the record speaks for itself that there is an admission that there certainly was a claim that there was accidental direct physical loss caused by  and that they paid that. We're not the dwelling is covered and that's clear. I agree your  and I believe that comes down to the basis that you have to  at the grant as a whole and it goes to the policy and you're not looking at the minutia of each event I'm sorry of each element of the  a shingle a nail that sort of thing right you look to the decision in the northern district there's a good analysis of talking about the fact that the property is insured as a whole not to its individualized component parts and that's what we have here. The  was covered the windows are part of those windows and we're  about the same windows here. There's nothing else I thank you for your time. The appraisal is or the appraisals are admissible into evidence to  what?  Is it subject to cross examination such that if there isn't criteria relating to depreciation wear and  vandalism or other exceptions that would diminish the amount of the loss regardless of what the cash value and the replacement might be that those are issues that the trial court would have to determine? So I think that there is case law out there I apologize I don't have the citations that discuss the appraisal process as a quasi judicial process such that you're not necessarily going to call those appraisers in it would be treated akin to an arbitration where you're not going to bring the arbiters in to discuss their decision but I do not          insurer doesn't give up any rights then why wouldn't the  have the  to contest the reliability or the admissibility or the weight or the credibility of the appraisals I think your honor when you start to look at the case law it  that the challenge could be to things like coverage but to challenge the amount that those  could be no purpose in going forward with the  in so far as  to I believe what accounting firms who audit and give out financial reports where in the appraisals indicate the parameters of the coverage of the opinion or analyses that they have rendered sometimes that's done it's not a strict provision of the policy but certainly memorandums of appraisal are things that parties will agree to in advance of going forward with an appraisal that can set forth that then does the trial court make adjustment to refuse to give any credibility to the appraisal and does there need to be oral testimony given a  wherein there is cross-examination of the appraisal or the appraiser and their testimony that that would defeat the entire purpose of the appraisal if that's the road that this goes down because then we're back in court and avoiding the purpose which is to avoid litigation in the first instance and address the amount of the loss in the proceeding outside of the  however if those challenges are brought to coverage then they are appropriately before the trial court and could be addressed at that time. I note that section I think it's 4 4 I says the appraisal award may not be entered as a judgment in the court so that has to mean something you can't take the appraisal and present it and get money that's correct I think if you look to the other portions of the policy it does discuss that if the appraisal award is entered there is a period of time for payment after that award is issued. Your argument seems to be that  appraisal or appraisals that are submitted are uncontestable and presumptively irrebuttably presumptively admissible because you seem to be  that regardless of the quality or the quantity or the limitations placed therein by the opinion that this constitutes proof of loss if for some reason for instance there were windows in a garage and a garage was also considered covered under the incident but they left the  off that therefore your client wouldn't get any  on the  In other  if you're assuming arguendo I believe or you're using an enthemy that presumes that this appraisal or appraisals are perfect or errorless or irrebuttable am I incorrect in  your argument or not? I believe so. We certainly believe that State Farm reserves the right to issue  appraisal provision which says that  binding and therefore could not be challenged in appraisal languages that don't have the word  that could and so certainly not the right  issue  appraisal provision  says that binding and therefore could not be challenged in appraisal languages that don't have     an appraisal provision and therefore could not    appraisal languages                    that don't   appraisal        in appraisal languages that don't have an appraisal provision and therefore could not  challenged in appraisal languages that don't have  appraisal provision and       appraisal languages that don't have an appraisal provision   could not  challenged in appraisal languages that   an appraisal provision   could not be   appraisal languages that don't have an appraisal provision and therefore could not be challenged in appraisal languages                           appraisal languages that    appraisal provision and therefore    challenged in appraisal   don't      therefore could not be challenged in appraisal languages that           challenged  appraisal             languages that            in appraisal languages  don't      therefore could not be challenged  in appraisal languages that don't have an appraisal provision and therefore could not be challenged in appraisal         doesn't have an appraisal provision that can not be challenged in appraisal languages that are definitely not going to              be covered. And I think that's the issue we're having here is that the, in what the trial court fell, the trap that the trial court fell into, which is the moment any payment goes out, you can't contest causation outside of appraisal. It has to be determined there. And, and that's the big problem. You can have a sliver of a claim covered, be a $500 cap on the roof, and yet the, it's not a good thing. The insurance company, or it could be the, the insurer, I guess it's not impossible for that to work the other way around. They would lose their right to, to litigate this issue in court and instead hand it off to these appraisers to decide issues, fundamentally which are coverage issues, and in this case, which are not supposed to be submitted to an appraiser to decide. You know, legal issues, interpretation of policy language, all comes into that. And a case like this where there's a, a... There's no allegations of fraud here like there were in some of the cases that you cited in your brief. Correct, there's not. There's no allegation of fraud, which would...  That would not be an issue that could be determined by an appraiser. Correct. Yeah, this, this case is closer to the, if it's Little or Lytle, which is a 2015 case where the insurer is saying, well, we should get coverage for these building code enforcement upgrades. The insurance company says, no, we don't believe that that's an issue and it's not covered. And the appellate court agreed and said, yeah, that's a coverage question. You can't take it to appraisal. Whether or not there's coverage for that item at all is an issue. And that's what we're raising here, which is, without any damage, there is no coverage to these windows. And that fundamentally would be decided at this appraisal. I don't think there's any question about that. Someone's going to make a decision, you know, these windows are damaged by the hail, therefore it's covered. Right? That would be the first time there would be a decision on coverage in the case for the windows. Your, your definition of coverage seems rather broad to me. Could you explain why, if there's no damage, there's no coverage? You remind me of a, pardon me, a Monty Python sketch where the Reverend Morrison was, his car was hit in a garage by a lorry. And he was asking why this claim was refused. And he was told that he brought a very good policy, except they, the terms of the policy said that they wouldn't honor any of his claims. And so the question then becomes, what is coverage? Is coverage supposed to be the incident that is defined and the type of damage that is caused? By a hailstorm or a conflagration, a flood? Or is it as you seem to be using it, whether or not it covers things like depreciation? And if it doesn't cover depreciation, then there's no coverage. Now, are we defining the event or the incident, or are we defining the, the specific number of pockmarks that the hail caused? As it strikes the construction. Yeah, there has to be sudden and accidental physical damage to the property for it to be covered under this policy. Without any sudden or accidental physical damage to the property, it's not provided for in this policy. That's the coverage grant. It's a loss not insured. Correct. In the terms of the policy. Right. And that's why there's a differentiation between wear and tear. Because the dwelling is covered. Yeah, right. The whole house is covered, but you actually have to have physical damage caused by, in this case, a hailstorm. For loss to be insured against. Correct. That's the language of your policy. That's correct. Thank you. Would it be correct to say that if the house was subject to demolition notification by the city, there would be no coverage under the insurance policy? I would say that I would need more information on that hypothetical. Pardon me? I would need more information on that hypothetical, if I can give you my opinion. Well, the point is, if it's been condemned and it needs to be destroyed, then where is the damage that would fit into the sudden incidental damage caused by a hailstorm? If before the hailstorm, I'll qualify that, if the notification of demolition occurred before the hailstorm hit? Yeah, I mean, it would depend on what would be the reason for the demolition. Say the tornado went through the area and damaged the structure and the foundation, such that it was unsafe to live in, and then there had to be demolition. Okay, there's a sudden accidental physical damage to the property, right? And then some hail hits it. I think sort of that's what your example was, which is, you know, if there's, in that scenario, there's no tornado, there's no hail. Just over time, the building deteriorates, the foundation starts to crumble. That's not a sudden accidental damage to the property. That's long-term wet rot, wear and tear that caused the building to slowly deteriorate to the point where it needed to be demolished. So there's some weird things there, and I think that's what we're getting into in the issue of the case, which is really a question of fact that hasn't been decided yet. I think you've gone beyond the question, and now you're hypothecating. Okay, sorry. Any other questions? You mentioned Little earlier. Little was false because he didn't include in the record a copy of his request for the appraisal, correct? I think partially correct, yes. If there are no further questions, there was only one case on the call. Oral argument is complete. Court is adjourned.